PER CURIAM.
|,Writ granted. The defendant’s status as a probationer diminished his constitutional expectation of privacy. See State v. Malone, 403 So.2d 1234, 1238 (La.1981). In United States v. Knights, 534 U.S. 112, 122 S.Ct. 587, 151 L.Ed.2d 497 (2001), the Court upheld a warrantless search of a probationer’s residence, finding the search was justified by the relatively low threshold of reasonable suspicion. The Court explained that the Fourth Amendment normally requires the scienter of probable cause, but the Court found the probationer had a diminished expectation of privacy and the government had an interest in preventing a probationer from engaging in criminal conduct. Knights, 534 U.S. at 121, 122 S.Ct. 587, citing Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); United States v. Brignoni-Ponce, 422 U.S. 873, 95 S.Ct. 2574, 45 L.Ed.2d 607 (1975).
Here, probation agents were lawfully in the residence of another probationer to check that probationer’s compliance with conditions of probation. The defendant, also a probationer, was in the residence’s living room when agents searched the residence and found marijuana in the bedroom and also found in the living room bags often used in drug trafficking. The presence of the illegal drugs and apparent trafficking paraphernalia justified a pat-down for officer safety. Upon patdown, the agent detected a large object in the defendant’s pocket. Based on the presence of marijuana and apparent trafficking paraphernalia in the residence, the |2bulge in the defendant’s pocket gave the agent a reasonable basis on which to suspect the defendant was engaged in criminal activity, that is, reasonable suspicion. Accordingly, under these particularized facts, removal of the object from the defendant’s pocket and the resulting search and seizure were constitutionally permissible. The rulings of the district court suppressing the evidence and finding insufficient probable cause are reversed. The case is remanded to the district court for further proceedings in accordance with this ruling.
JOHNSON, C.J., would deny.
WEIMER, J., would grant and docket.
HUGHES, J., would grant and docket.